RUSSELL S. HUMPHREY, SBN 208744
343 E. Main Street, Suite 714
Stockton, Ca. 95202
Telephone: (209) 625-8976
Facsimile: (209) 625-8673
Email: russell@humphreylawgroup.net

Attorney for PLAINTIFF
Francisca Moralez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>          PLAINTIFF,<br><br>     v.<br><br>LITTLE MADFISH; DOES 1 through 5,<br>inclusive;<br><br><br>DEFENDANTS. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: DENIAL OF DISABLED ACCESS TO PUBLIC FACILITIES; TITLE III OF THE AMERICANS WITH DISABLITIES ACT OF 1990; VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT CAL CIV. CODE § 51, et seq., THE CALIFORNIA DISABLED PERSONS ACT CAL CIV. CODE § 54, et seq.**<br><br>DEMAND FOR JURY TRIAL |

## I.  SUMMARY

1.      This is a civil rights action by PLAINTIFF Francisca Moralez (hereinafter "PLAINTIFF"),

for discrimination at the building, structure, property and land known as: LITTLE MADFISH, 154

Sunset Drive, San Ramon, California 94583.

1   2.      PLAINTIFF seeks damages, injunctive and declaratory relief, attorney fees and costs against

2   the DEFENDANTS pursuant to the American with Disabilities Act of 1990, 42 U.S.C §12101 et

3   seq. (hereinafter "ADA") and violations of the California Unruh Civil Rights Act, California Civil

4   Code section 51 et seq., and the California Disabled Person's Act.  (California Civil Code section 54

5   et seq.

6

7

8                                       **II.  JURISDICTION**

9   3.      The United States District Court, Northern District of California, has original federal

10  question jurisdiction of the action pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C.

11  §12101 et seq.  The Court also has supplemental jurisdiction over all state law claims pursuant to 28

12  U.S.C. § 1367, because the state law claims arise out of the same case or controversy.

13

14

15                                        **III.  VENUE**

16  4.      All actions complained of herein take place within the jurisdiction of the United States

17  District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. §1391(b),

18  (c).  Additionally, the real property that is the subject of this action is located in the United States

19  District Court, Northern District of California.

20

21

22                                     **IV. INTRADISTRICT**

23  5.      This civil case should be assigned to the Oakland intradistrict because the civil rights

24  violations occurred in, and PLAINTIFF'S rights arose in, the Oakland intradistrict.  PLAINTIFF will

25  stipulate to a Voluntary Dispute Resolution Program.  PLAINTIFF consents to an early Settlement

26  Conference.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V. PARTIES

6.     DEFENDANT LITTLE MADFISH (hereinafter "DEFENDANT") is a restaurant business establishment, serving food and beverages, open to the public with onsite public parking, located at 154 Sunset Drive, San Ramon, California 94583.

7.     PLAINTIFF is an American with severe physical impairments and is a "person with a disability" and a "physically handicapped person" pursuant to the rules and regulations of the ADA, 42 U.S.C §12102 (2)(A); 28 C.F.R §36.104, and related California statutes including California Civil Code §51, et seq., and §54, et seq.  PLAINTIFF suffers from rhumatoid arthritis and needs the assistance of a wheelchair for assistance in her daily life activities.  PLAINTIFF cannot walk without the assistance from her motorized wheelchair.  She can, however, drive a motor vehicle and when she does, she brings her motorized wheelchair with her to assist with her mobility.

## VI. GENERAL ALLIGATIONS

8.     DEFENDANT is a "public accommodation" as defined by 42 U.S.C §12181(7); 28 C.F.R. §36.104 and subject to the requirements of California Civil Code §51 and §52 since it is a business open to the public.  DEFENDANT is open to the public whose sole purpose is intended for nonresidential commercial use and whose operation affects interstate commerce.

9.     On June 3, 2015 PLAINTIFF patronized DEFENDANT'S restaurant, where she suffered great difficulty, discomfort, and embarrassment in her efforts to both access and use DEFENDANT'S place of business. Whether through neglect, apathy or otherwise, DEFENDANT'S facilities were not compliant with numerous state or federal ADA rules and regulations.

10.     PLAINTIFF found the front door difficult to open making it difficult for PLAINTIFF to enter DEFENDANT'S restaurant.

11. DEFENDANT failed to provide a safe path of travel to its bathroom as required by law. This made it difficult and embarrassing when PLAINTIFF went to the bathroom to relieve herself. The path to the bathroom from the front door was excessively narrow. The path to the bathroom from the Sushi Bar was narrow and cluttered. The threshold to the bathroom was narrow because the door would not fully open causing PLAINTIFF's wheelchair to hit objects on the shelf as she tried to enter. PLAINTIFF was not able to enter the bathroom until DEFENDANT'S employee assisted her.

12. DEFENDANT failed to provide access to fixtures and accessories in the bathroom as required by law causing humiliation and discomfort to PLAINTIFF. The toilet door stall did not fully open and hit the toilet. The distance from the stall door to the toilet was only approximately 2 feet six inches and PLAINTIFF, in her wheelchair, could not fit in the "so-called" disabled stall. PLAINTIFF almost got stuck in the bathroom stall and experienced great difficulty exiting the stall. These failures prevented PLAINTIFF from using the bathroom causing her to urinate on herself. Additionally, accessible accessories were not placed at the required heights making them inaccessible to PLAINTIFF, e.g., the towel dispenser, mirror, hook on doorway, soap dish, and light switch were all placed too high.

13. DEFENDANT failed to provide a safe exit from the bathroom as required by law. When PLAINTIFF exited, the door again hit a shelf inside the bathroom. The limited distance, approximately 11 inches, made it exceedingly difficult for PLAINTIFF to exit.

14. DEFENDANT failed to post handicap signage as required by law. There was incorrect signage on the bathroom door in DEFENDANT'S place of business.

15. On every date mentioned in this complaint, PLAINTIFF personally encountered physical barriers that interfered with, if not outright denied, PLAINTIFF'S ability to use and enjoy the goods, services, privileges and accommodations offered by DEFENDANT.

16.     These physical barriers violate the explicit statutory mandate to remove all barriers that are "readily achievable".

17.     PLAINTIFF seeks injunctive relief to require DEFENDANT to remove all architectural barriers related to her disabilities and to comply with the ADA and Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG") contained in 28 CFR Part 36.

18.     PLAINTIFF is deterred and forgoes visits to DEFENDANT based upon personal knowledge of existing barriers.  PLAINTIFF understands she is not required to engage in the "futile gesture" of actually returning to the inaccessible place of public accommodation, however, PLAINTIFF wishes to return to DEFENDANT once the physical barriers are eliminated.

## VII. FIRST CLAIM
## VIOLATION OF TITLE III OF THE ADA

19.     PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 18.

20.     Title III of the ADA, and the regulations promulgated thereunder, require that after January 26, 1992, all new construction and alterations of facilities for the use of the public be designed and constructed in such a manner that the public accommodation is readily accessible to, and usable by, individuals with disabilities.

21.     DEFENDANT discriminated, and each of them, against PLAINTIFF on the basis of PLAINTIFF'S disabilities and denied PLAINTIFF the opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages or accommodations, in violation of 42 U.S.C. §12182(a), 42 U.S.C. §12182(b)(1)(A)(I).

22.     Moreover, DEFENDANT'S conduct denied PLAINTIFF, on the sole basis of PLAINTIFF'S disabilities, the opportunity to participate in, or benefit from, a good, service, privilege, advantage or accommodation that was equal to that afforded to other individuals in violation of 42 U.S.C. §12181(b)(1)(A)(ii).

23.     Furthermore, DEFENDANT failed to provide PLAINTIFF with it's goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to a disabled person's, including PLAINTIFF'S, individual needs in violation of 42 U.S.C. §12182(b)(1)(B).

24.     **INJUNCTIVE RELIEF:**  PLAINTIFF seeks injunctive relief to prohibit the acts and omissions of DEFENDANT as complained of herein which have the effect of wrongfully discriminating against PLAINTIFF and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions were the cause of humiliation and physical, mental, and emotional suffering of the PLAINTIFF in that these actions treated PLAINTIFF as an inferior and second-class citizen and served to discriminate against her on the sole basis that PLAINTIFF is, and at all times mentioned in this complaint was, a person with disabilities.  PLAINTIFF is currently deterred from patronizing DEFENDANT and will be unable to achieve equal access to services and facilities at the public accommodation so long as such acts and omissions of DEFENDANT continues.  The acts of DEFENDANT proximately caused irreparable injury to PLAINTIFF and will continue to cause irreparable injury to PLAINTIFF and to other disabled persons if not enjoined by this District Court.

25.     As of the date of the filing of this complaint, DEFENDANT continues to be in violation of state and federal ADA law in that the complained of property and businesses are, and continue to be, generally inaccessible for use by physically disabled persons such as PLAINTIFF.  PLAINTIFF

requests that an injunction be ordered requiring that the DEFENDANT take prompt action to modify

the aforementioned policies and public facilities to render them accessible to and usable by

PLAINTIFF, and thereby make DEFENDANT'S services available to and usable by physically

disabled persons, including PLAINTIFF.

26.     Wherefore, PLAINTIFF prays the District Court grant relief as requested below.


## VIII. SECOND CLAIM

## VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 51, et seq.


27.     PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every

allegation contained in paragraphs 1 through 26.

28.     California's Civil Code §51(b) requires that individuals with disabilities have "full and equal

accommodations, advantages, facilities, privileges or services in all establishments of every kind

whatsoever."  DEFENDANT, and at all times mentioned in this complaint was, violating the

California Civil Code §51 through DEFENDANT'S failure to remove architectural and accessibility

barriers to the public accommodations and also through the disparate treatment of the PLAINTIFF.

29.     DEFENDANT, complained of herein, located at 154 Sunset Drive, San Ramon, California

94583.  DEFENDANT, is, and at all time mentioned in this complaint was, a "public

accommodations" pursuant to the ADA and the California Civil Code.

30.     PLANTIFF encountered accessibility barriers and was also subjected to disparate treatment

while she patronized DEFENDANT'S public accommodations.

31.     DEFENDANT has, and at all times mentioned in this complaint had, architectural and

accessibility barriers that limited access for disabled individuals, including PLAINTIFF.  The

accessibility denied PLAINTIFF, and other disabled persons to the equal access at DEFENDANT

and its accommodations, advantages, facilities, privileges, and services resulted in discrimination against PLAINTIFF on the sole basis of PLAINTIFF'S disabilities.  DEFENDANT'S violations are ongoing.

32.      DEFENDANT'S actions constitute intentional discrimination on the basis of PLAINTIFF'S disabilities in violation of the California Civil Code §51 in that: 1.)  DEFENDANT owned, operated and maintained public accommodations with customer service counters that were not ADA compliant and were inaccessible to disabled persons, and PLAINTIFF in particular; 2.) DEFENDANT knowingly failed to remove architectural and access; 3.)  DEFENDANT subjected PLAINTIFF to disparate treatment when PLAINIFF was treated differently from other members of the public due to PLAINTIFF'S disabilities.

33.   California Civil Code §52 provides that the discrimination by DEFENDANT against PLAINTIFF on the basis of PLAINTIFF'S disability constitutes a violation of the general anti-discrimination provisions of California Civil Code §51 and §52.

34.      DEFENDANT'S discrimination constitutes a separate and distinct violation of California Civil Code §52, which provides that:

"Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to California Civil Code §51, §51.5, or §51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in §51, §51.5, or §51.6."

35.      DEFENDANT knowingly violated California Civil Code §51 intentionally and/or with deliberate indifference to the likelihood that they were violating the rights of disabled people.  In

addition, DEFENDANT'S violations were so intuitive or obvious that noncompliance could not be other than intentional.  In addition, PLAINTIFF put DEFENDANT on notice of the physical barriers many times over the last year.

36.     The acts and omissions of DEFENDANT, as herein alleged, constitute a denial of access to, and use of, the described public facilities by physically disabled persons within the meaning of California Civil Code §51 and §52.  As a proximate result of DEFENDANT'S acts and omissions, DEFENDANT discriminated against PLAINTIFF in violation of California Civil Code §51 and §52.

37.     Any violation of the ADA also constitutes a violation of California Civil Code §51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law.  Per California Civil Code §51(f), "(A) violation of the right of any individual under the ADA (Public Law 101-336) shall also constitute a violation of this section."

38.     Wherefore, PLAINTIFF prays the District Court grant relief as requested below.


## IX.  THIRD CLAIM

## VIOLATIONS OF CALIFORNIA CIVIL CODE § 54, et seq. – THE CALIFORNIA DISABLED PERSONS ACT


39.     PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 38.

40.     The California Disabled Persons Act, California Civil Code §§54 and 54.1, (Hereinafter "CDPA"), guarantees people with disabilities full and free use of all public places and full and equal access to all places to which the public is invited.

41.     DEFENDANT is, and at all times mentioned in this complaint was, violating the rights of disabled persons, and violated the rights of PLAINTIFF, by denying her equal access to a public place through architectural barriers and disparate treatment.

42.     DEFENDANT owns, operates, controls and/or leases a "public place" within the meaning of the CDPA.  By failing to remove architectural barriers or to provide reasonable accommodations to the PLAINTIFF, DEFENDANT violated PLAINTIFF'S rights under the CDPA.

43.     The actions of the DEFENDANT are, and at all times mentioned in this complaint were, in violation of the CDPA.

44.     PLAINTIFF is entitled to damages for each offense, and to declaratory relief under California Civil Code §54.3.

45.     PLAINTIFF is also entitled to reasonable attorneys' fees and costs under the CDPA.

46.     Wherefore, PLAINTIFF prays the District Court grant relief as requested below.


## X.  PRAYER

WHEREFORE, PLAINTIFF prays the following:

1.     Issue a preliminary and permanent injunction directing the DEFENDANT to modify it's facilities and policies as required by law to comply with the ADA and ADA regulations, including the ADAAG where required; institute policy to enable PLAINTIFF to use goods and services offered to the non-disabled public so that DEFENDANT provides adequate access to all citizens, including persons with disabilities; issue a preliminary and permanent injunction directing DEFENDANT to maintain it's facilities usable by PLAINTIFF and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.      Retain jurisdiction over the DEFENDANT until such time as the District Court is satisfied that DEFENDANT'S unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.      Award to PLAINTIFF all appropriate damages, including, but not limited to, statutory damages and general damages in an amount within the jurisdiction of the District Court, according to proof;

4.      Award PLAINTIFF all litigation expenses and costs of this proceeding, including all reasonable attorney fees as provided by law; and

5.      Grant such other and further relief as this District Court may deem just and proper.


Date: September 26, 2016.


                                                    /s/ Russell S. Humphrey
                                                    By: Russell S. Humphrey
                                                    Attorney for PLAINTIFF
                                                    Francisca Moralez

*Moralez v. Little Madfish*
Plaintiff's Complaint                                                    11

1

**DEMAND FOR JURY TRIAL**

2          PLAINTIFF hereby demands a jury pursuant to FRCP 38(b) on all issues of law raised in the

3    complaint.

4

5    Date: September 26, 2016.

6                                                          /s/ Russell S. Humphrey

7                                                          By: Russell S. Humphrey
                                                           Attorney for PLAINTIFF
8                                                          Francisca Moralez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28